# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOE ENGINEERING CO., INC., a California corporation,<br>　　Plaintiff,<br><br>　　　　v.<br><br>PHYSICIANS FORMULA COSMETICS, INC, a California corporation, et al.<br>　　Defendants. | CV 94-03576 DSF (JGx)<br><br>**ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION AND ORDER DENYING APPLICATION FOR LEAVE TO FILE SEALED DOCUMENT (DKT. 297–2).** |

　　Defendant Physicians Formula Cosmetics, Inc. is ordered to show cause why this action should not be dismissed for lack of federal subject matter jurisdiction. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Alternatively, district courts may exercise diversity jurisdiction when there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

　　A party alleging subject matter jurisdiction has the burden of establishing it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). When a district court dismisses an action with prejudice pursuant to a settlement agreement, federal jurisdiction usually ends. O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir.1995). Ordinarily, a dispute arising under a settlement agreement is "a separate contract dispute requiring its own independent basis for jurisdiction." Id. But, "[w]hen a court's order dismissing a case with prejudice incorporates the terms of a settlement agreement, the court

retains ancillary jurisdiction to enforce the agreement because a breach of the incorporated agreement is a violation of the dismissal order. Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016) (citing Kokkonen, 511 U.S. at 381). And a dismissal order pursuant to or "based on" a settlement agreement "is insufficient to create ancillary jurisdiction." O'Connor, 70 F.3d at 532. Paragraph 15 of the 1997 Settlement Agreement is therefore insufficient to confer jurisdiction on the Court absent a prior order from the Court either expressly retaining jurisdiction or specifically incorporating the terms of the agreement.

Physicians is therefore **ORDERED** to file a brief, not to exceed five pages, along with any necessary supporting documentation, within one week of this order, showing why this action should not be dismissed for lack of federal subject matter jurisdiction. Any other party that has appeared may also file a brief addressing the Court's subject matter jurisdiction within one week of the order.

The Court also **DENIES WITH PREJUDICE** Physician's Application for Leave to File Under Seal Exhibit 1, the 1997 Settlement Agreement. Dkt. 297–2 ("Application"). The Application violated multiple provisions of Local Rule 79–5.2.2, and based on the Court's review, nothing in the agreement provides a "compelling reason" justifying sealing it in its entirety. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172 (9th Cir. 2006). Physicians may seek leave to file a version redacting specific terms that satisfy the "compelling reason" standard, if any such terms exist. Any such application must be filed within one week of this order as a separate docket entry from the above ordered briefing and must strictly comply with the requirements of Local Rule 79–5.2.2.

IT IS SO ORDERED.

Date: September 14, 2022

Dale S. Fischer
United States District Judge